587 P.2d 1338

The STATE BAR of New Mexico, the San Juan County Bar Association, the Unauthorized Practice of Law Committee of the San Juan County Bar Association, John Cain, Joseph A. Palmer and C. C. Koogler, Plaintiffs-Appellees,

v.

GUARDIAN ABSTRACT AND TITLE COMPANY, INC., a corporation, and San Juan County Abstract and Title Company, a corporation, Defendants-Appellants.

No. 11989.

Supreme Court of New Mexico.

Dec. 13, 1978.

Sommer, Lawler & Scheuer, Tom A. Simons, IV, Santa Fe, Clement Koogler, Aztec, for defendants-appellants.

John D. Cain, J. A. Palmer, Flora Vista, for plaintiffs-appellees.

328

## OPINION

EASLEY, Justice.

The parties to this are the same as those in *State Bar v. Guardian Abstract & Title Co.,* 91 N.M. 434, 575 P.2d 943 (1978), to which case we refer for the factual details and the pertinent law. That case was reversed in part and affirmed in part and remanded for the trial court to enter an order consistent with the opinion therein. The trial court entered an order on the mandate, and Guardian appeals from that order. We affirm in part and reverse in part.

Guardian complains that the trial court's order in response to our mandate states the terms of the injunction in "a negative rather than a positive form" in describing what can or cannot be done by Guardian regarding the preparation of forms and the giving of advice to customers. We agree.

We hold that Guardian is authorized to fill in the blanks on statutory forms (statutory forms for warranty deed, special warranty deed, quitclaim deed, mortgage, release and partial release of mortgage; forms for real estate contract [form 103], right-of-way easement, promissory note, VA and FHA mortgages and notes, HUD disclosure-settlement, lender's mortgage and note, affidavits as to debts and liens, lien waiver, surveyor's affidavit, closing statement form allocating the costs of the transaction) and other forms prepared by lawyers only, or which are used in conjunction with the closing of government insured loans.

We further hold that Guardian and the other defendants are permanently enjoined from giving advice to their clients about the legal effect of the language contained in, or the use of, any particular forms, or from choosing between competing forms for their customers.

We reverse the decision of the trial court as contained in paragraphs 1 and 2 of the order on appeal and direct that language be inserted to correspond with the above holdings.

We affirm as to language contained in paragraphs 3 through 5 of the trial court's order which read as follows:

3. From holding himself out to the public as an expert or consultant in the field of closing loans or describe himself by any similar phrase which implies that he has a knowledge of the law.

4. From obtaining more information from the parties than that necessary to fill in the blanks on statutory standardized forms used for company purposes, for the purpose of advising the parties of their rights and the action to be taken concerning those rights.

5. From making a separate additional charge to fill in blanks in the documents mentioned in paragraph No. 1.

The cause is remanded for entry of an amended order.

IT IS SO ORDERED.

PAYNE and FEDERICI, JJ., concur.